David H. Moses, #10239
CASE, MOSES, ZIMMERMAN & MARTIN, P.A.
900 Garvey Center, 200 West Douglas
Wichita, Kansas 67202-1321
(316) 303-0100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 08-20111-02-MLB |
| | ) |
| LAMONTE EPHRIAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS

COMES NOW, the Defendant, Lamonte Ephriam, by and through his attorney David H. Moses of Case, Moses, Zimmerman and Martin, P.A., and submits the following memorandum in support of his Motion to Suppress Statements made by the Defendant.

## FACTUAL STATEMENT

On September 11, 2008 a grand jury returned a sealed Indictment against Lamonte Ephriam alleging that, on March 1, 2007, Marcel Williams and Lamonte Ephriam, aiding and abetting each other, possessed, with the intent to distribute more than five grams of a mixture and substance containing cocaine base ("crack cocaine") within 1,000 feet of a public elementary school in violation of 21 U.S.C. 860(a) and 18 U.S.C. 2. Williams was also charged with 5 other counts, none of which include Ephriam.

On March 1, 2007, the vehicle driven by Mr. Williams, in which Mr. Ephriam was a passenger, was stopped by Lawrence, Kansas police officer Ty Scheibler, #L-084, for driving 44 mph in a 30 mph zone. When the vehicle driven by Mr. Williams came to a stop, both the driver and passenger ran from the vehicle. According to Officer Scheibler, the first to exit the vehicle was the driver, who dropped a cell phone and then the passenger. His description of the driver was a black male wearing a brown work style coat with a dark hat on his head. The driver is described as running north across the street. His description of the passenger was a black male, but he was unable to provide a description of the passenger's clothing. The passenger is also described as running north across the street. Officer Scheibler radioed for assistance.

Lawrence police officer Sam Harvey, #L-096, who responded to Officer Scheibler's request for assistance, observed a black male breathing hard with no shoes on and wearing a black hooded sweatshirt. The black male did not stop when first asked by Officer Harvey, but ultimately did stop after a follow up request. Officer Harvey asked the black male (later identified as Lamonte Ephriam from identification taken by Officer Harvey from the billfold located in Mr. Ephriam's back pocket) what he was doing. Mr. Ephriam responded someone had just stopped him at gunpoint and stolen his clothes. Officer Harvey searched Mr. Ephriam for weapons and placed him in handcuffs. Officer Harvey placed Mr. Ephriam in the front passenger seat of the patrol car. Further conversation ensued and Officer Harvey told Mr. Ephriam that Officer Sheibler's patrol vehicle had recorded a video of the car stop which would identify Mr. Ephriam as one of the individuals exiting the car at the time of the

stop. It has been confirmed there is no such video and the patrol car was not equipped in such a fashion and Officer Harvey used this falsehood in an attempt to get Mr. Ephriam to change his statement. Up to this point, no one had advised Mr. Ephriam of his Miranda rights.

Mr. Ephriam asked Officer Harvey if he would be given the chance to talk to a lawyer and Officer Harvey told Mr. Ephriam he would be given the chance but only after Officer Harvey obtained Mr. Ephriam's personal information and after he read Mr. Ephriam his Miranda rights. Mr. Ephriam was read his Miranda rights, by Officer Harvey, from a blue card issued to him, after which Officer Harvey contends Mr. Ephriam said "yes" he would waive his rights and talk to him. At this point, Mr. Ephriam asked to see the video of the car stop and Officer Harvey refused stating it was still in the patrol car which was not available at that time. This was also a false statement. Mr. Ephriam was then transported by law enforcement to the Law Enforcement Center in Lawrence, Kansas for further interviews.

After arriving at the Law Enforcement Center, Officer Harvey and Detective Flachsbarth met with Mr. Ephriam. This meeting was video taped by law enforcement and Officer Harvey states to Mr. Ephriam that he earlier asked for an attorney. Mr. Ephriam is then advised of his Miranda rights, says he will talk to the officers and proceeds to be interviewed by them.

After Mr. Ephriam was arrested on March 1, 2007, by Lawrence, Kansas law enforcement officers, he was released and interviewed the next day, March 2, 2007, by Lawrence police officers. Other interviews, followed.

Mr. Ephriam was arrested, on the Indictment, on or about February 27, 2009. On March 3, 2009, Jacquelyn Rokusek was appointed by United States Magistrate Judge David J. Waxse and the case was assigned to United States District Court Judge Kathryn H. Vratil.

On June 19, 2009, the case was transferred to United States District Judge Monti L. Belot for all further proceedings. On August 21, 2009, Jacquelyn Rokusek was allowed to withdraw from representation of Mr. Ephriam and current counsel was appointed to represent him.

## ARGUMENTS AND AUTHORITIES

The Fifth and Fourteenth Amendment of the United States Constitution mandate that an accused has the right to counsel being present during a custodial interrogation. This mandate prohibits interrogation of an individual once counsel is requested. When an individual requests an attorney, all questioning must stop, and only after the individual, himself, initiates further communication with law enforcement can further interrogation take place. See *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981).

Once an individual requests counsel, a valid waiver of that right can not be established by showing that the individual responded to further police initiated custodial interrogation, even if the individual has been advised of his rights. Counsel must first be made available to him, unless the individual initiates further communication, exchanges, or conversations with law enforcement. *Edwards*, supra.

The "Edwards rule" established by the United States Supreme Court is considered a "bright-line rule" in the Tenth Circuit, *United States of America vs. Kelsey*, 951 F.2d 1196 (10th Cir. 1991). In *Kelsey*, the Court makes it crystal clear an individual's request for

counsel is superior to any further attempts by law enforcement to interrogate and illicit statements from that individual until after counsel is provided or until the individual initiates further interrogation. The Court, in *Kelsey*, citing to *Edwards*, describes any law enforcement attempt to follow up an individual's request for counsel with the issuance of Miranda warnings as a product of the "inherently compelling pressures" presented by custodial interrogations which will not be saved by "the prophylactic protections" provided by the Miranda warnings. See, also, *Arizona v. Roberson*, 486 U.S. 675, 100 L. Ed. 2d 704, 108 S. Ct. 2093 (1988).

In *Kelsey*, the Court discusses the two criteria for applying the *Edwards* bright-line rule. These criteria are 1) did the individual invoke his right to deal with the police through an attorney; and 2) did the police initiate questioning after the individual had requested a lawyer and before he was provided one. The first criteria, whether the individual invoked his right to deal with the police through an attorney, does not require the individual to be first advised of his Miranda rights and then make the request. The Supreme Court has made it abundantly clear, in *Edwards*, that the rule is triggered by "some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police". Also see *McNeil v. Wisconsin*, 115 L. Ed. 2d 158, 111 S. Ct. 2204 (1991). "To a suspect who has indicated his inability to cope with the pressures of custodial interrogation by requesting counsel, any further interrogation without counsel having been provided will surely exacerbate whatever compulsion to speak the suspect may be feeling". *Kelsey*, supra.

Before the government can introduce any statements by Mr. Ephriam made after Officer Harvey stopped him on March 1, 2007, the government must show that any statements made by Mr. Ephriam were legally obtained. After being detained and placed in handcuffs, Mr. Ephriam unequivocally asked if he would be given a chance to speak with counsel. This request was confirmed by Officer Harvey who assured Mr. Ephriam this request would be honored. However, Officer Harvey, in clear violation of Mr. Ephriam's rights, as described above, proceeded to interrogate Mr. Ephriam and ask questions without first affording Mr. Ephriam with his right to counsel. Further discussions with Mr. Ephriam were not initiated by Mr. Ephriam and law enforcement continued to illegally obtain information from him. As a result, all statements made by Mr. Ephriam, after his request for counsel, were illegally obtained, are inadmissable and should be disallowed. In addition, statements made by Mr. Ephriam, after he was detained and in response to questions by law enforcement, should also be suppressed.

## **CONCLUSION**

Any statement made by Mr. Ephriam were obtained in violation of Mr. Ephriam's rights. As a result, those statements should be suppressed and not allowed into evidence.

Respectfully submitted

CASE, MOSES, ZIMMERMAN & MARTIN, P.A.

s/David H. Moses
David H. Moses
Bar Number 10239
Attorney For Defendant Lamonte Ephriam
Case, Moses, Zimmerman & Martin, P.A.
900 Garvey Center, 200 West Douglas
Wichita, Kansas 67202
Phone Number: (316) 303-0100
Fax Number: (316) 265-8263
E-mail Address: dmoses@cmzwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsels of record.

s/David H. Moses
David H. Moses
Bar Number 10239
Attorney For Defendant Lamonte Ephriam